U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 0 8 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| STEPHAN P. JONES | CIVIL ACTION NO. 06-0734 |
| -vs- | JUDGE DRELL |
| R. JAMES NICHOLSON, SECRETARY OF DEPARTMENT OF VETERANS AFFAIRS | MAGISTRATE JUDGE KIRK |

## RULING

Before the Court is the defendant's motion to dismiss (Doc. 23) and motion for summary judgment (Doc. 24). For the reasons set forth below, the motion to dismiss is converted to a motion for summary judgment. Accordingly, we will allow the parties an opportunity to submit appropriate evidence thereto. The motion for summary judgment, however, is granted; by separate judgment, the plaintiff's age discrimination claim will be dismissed.

### I. BACKGROUND

The plaintiff, Stephan P. Jones ("Mr. Jones"), a white male born on April 7, 1956, filed the instant suit on May 2, 2006, asserting two claims against the defendant, R. James Nicholson, Secretary of the Department of Veterans Affairs ("the VA"). The first is an age discrimination claim based on the VA's notifying Mr. Jones, on or about December 21, 2004, that it would not hire him as a firefighter, because his age exceeded the maximum age of 37 years old permitted by the VA for initial appointment to that

position. The second is a wrongful termination claim arising out of the VA's termination of his temporary employment as a carpenter on September 9, 2004.

Mr. Jones first contacted an Equal Employment Opportunity ("EEO") counselor on January 4, 2005, regarding these events. On March 7, 2005, Mr. Jones brought a formal EEO complaint, asserting several claims, including the age discrimination and wrongful termination claims at issue here. The VA's Office of Resolution Management ("ORM") investigated only one of the claims and notified Mr. Jones of its decision to dismiss the remaining claims. At the conclusion of the ORM investigation, Mr. Jones opted to have an immediate final decision by the VA without a hearing. On or about January 30, 2006, the VA's Office of Employment Discrimination Complaint Adjudication ("OEDCA") issued a Final Agency Decision (Doc. 1-2).

In the Final Agency Decision, the OEDCA determined that most of Mr. Jones's claims, including his wrongful termination claim, were properly dismissed as untimely, pursuant to 29 C.F.R. § 1614.107(a)(2). The basis was Mr. Jones's failure to initiate contact with an EEO counselor within 45 days of the relevant incidents, as required by 29 C.F.R. § 1614.105(a). The OEDCA then determined that Mr. Jones's only remaining claim, the age discrimination claim, was not viable, because the VA is statutorily entitled to set a maximum age for initial appointment to the firefighter position.

On May 2, 2006, Mr. Jones filed this suit. The VA answered on November 14, 2006, and filed the instant motions on November 8, 2007. Mr. Jones filed an opposition

to the VA's motion for summary judgment on November 15, 2007, along with supporting evidence.[1] (Doc. 26). We address each of the motions separately below.

## II. MOTION TO DISMISS

We first turn to the VA's motion to dismiss Mr. Jones's wrongful termination claim for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1).

### II.A. RULE 12(b)(1) STANDARD

Fed. R. Civ. P. 12(b)(1) permits a party to assert the defense of lack of subject matter jurisdiction either in a responsive pleading or by motion before filing a responsive pleading. Fed. R. Civ. P. 12(h)(3) further provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Id. Accordingly, "it has long been well-established that the court's lack of subject matter jurisdiction may be asserted at any time by any interested party, either in the answer or in the form of a suggestion to the court prior to final judgment." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (3d ed. 2008).

Here, the VA filed its answer on November 14, 2006, asserting various affirmative defenses, including lack of subject matter jurisdiction and Mr. Jones's failure to exhaust his administrative remedies. On November 8, 2007, it filed the instant motion to dismiss on the basis of lack of subject matter jurisdiction. Thus, whether it is brought to our

---

[1] The opposition fails to meet the requirements of LR56.2, in that it does not contain "a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried." We are mindful of Mr. Jones's pro se status, however, and treat the opposition with greater leniency than it would otherwise be afforded. Nevertheless, the material facts relevant to the motion for summary judgment are not in dispute.

attention by affirmative defense, motion, or suggestion, if it appears that we lack subject matter jurisdiction, we must dismiss the wrongful termination claim on that basis.

## II.B. LAW AND ANALYSIS

At issue is Mr. Jones's apparent failure to comply with a regulatory requirement that he consult an EEO counselor prior to filing an EEO complaint:

> (a) Aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age or handicap must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter.
>
> (1) An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.
>
> (2) The agency or the Commission shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

29 C.F.R. § 1614.105(a).

The OEDCA decision and the record are silent as to whether Mr. Jones presented any evidence to the VA, the ORM, or the OEDCA showing that he was entitled to an extension of time under § 1614.105(a)(2). However, the OEDCA made a final decision to dismiss Mr. Jones's wrongful termination claim (along with other claims) based on Mr. Jones's failure to meet with an EEO counselor within the 45-day period, citing 29 C.F.R. § 1614.107(a)(2), which provides, in relevant part: "(a) Prior to a request for a hearing in

a case, the agency shall dismiss an entire complaint: . . . (2) That fails to comply with the applicable time limits contained in §§ 1614.105 . . . ." Id.

The question is what significance these facts have for purposes of this motion to dismiss, which is premised on a supposed lack of subject matter jurisdiction. The answer, at least under Fifth Circuit precedent[2], is that Mr. Jones's failure to notify an EEO counselor of his complaints has no effect on this Court's jurisdiction:

> The timely notification to the appropriate administrative authority of a complaint of discrimination is a precondition to suit and may bar the claim. Lack of timely notification, however, does not deprive the court of subject matter jurisdiction. Coke v. General Adjustment Bureau, Inc., 640 F.2d 584, 595 (5th Cir.1981) (en banc) (ADEA private sector claim). The filing deadlines are in the nature of statutes of limitations which are subject to waiver, estoppel, and equitable tolling. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 102 S.Ct. 1127, 1135, 71 L.Ed.2d 234 (1982) (private sector claim); Oaxaca v. Roscoe, 641 F.2d 386 (5th Cir.1981) (federal sector claim); Chappell v. Emco Machine Works Co., 601 F.2d 1295, 1301-02 (5th Cir.1979) (private sector claim); Saltz v. Lehman, 672 F.2d 207 (D.C.Cir.1982) (federal sector claim).

Henderson v. U.S. Veterans Admin., 790 F.2d 436, 439-40 (5th Cir. 1996).

Thus, if jurisdiction were the only issue, we could simply deny the motion. However, the motion arises from Mr. Jones's alleged failure to exhaust administrative remedies, which raises other considerations, as demonstrated by the Fifth Circuit's Oaxaca opinion:

> The regulation [now Section 1614.107(a)(2)], moreover, requires that the agency "shall" extend the time limits when the complainant shows that he was not notified of them and was not aware of them. The government concedes in oral argument that the IRS did not notify Oaxaca of the time

---

[2] As the Henderson opinion notes, there is a circuit split on the issue of whether failure to notify an EEO counselor is jurisdictional, but the Fifth Circuit is without question on the non-jurisdictional side of the split. Henderson v. U.S. Veterans Admin., 790 F.2d 436, 440 n.4 (5th Cir. 1996).

limits. He should be given the opportunity to show that he was not aware of them, despite his government employment and his education, and the government should be given an opportunity to prove his awareness. Similarly, Oaxaca should be given a chance to establish facts that may entitle him to an equitable tolling or delay in the commencement of the running of the thirty-day [now forty-five day] time period.

While Oaxaca did not request an evidentiary hearing on the government's motion to dismiss, he asserted both the court's subject matter jurisdiction and his right to relief. A motion to dismiss for want of subject matter jurisdiction can take the form of a facial attack on the complaint, requiring the court merely to assess whether the plaintiff has alleged a sufficient basis of subject matter jurisdiction, taking all allegations in the complaint as true. A factual attack on the subject matter jurisdiction of the court, however, challenges the facts on which jurisdiction depends and matters outside of the pleadings, such as affidavits and testimony, are considered. Thus, an evidentiary hearing may, in some instances, be required on a motion to dismiss challenging the subject matter jurisdiction of the court.

However, dismissal for failure to act timely, like dismissal for expiration of the statute of limitations, is properly raised by a Rule 12(b)(6), Fed.R.Civ.P., motion to dismiss for failure to state a claim. A Rule 12(b)(6) motion to dismiss should not be granted unless it appears from the pleadings beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.

If the issue raised by a Rule 12(b)(6) motion to dismiss cannot be resolved on the face of the pleadings, the motion may be converted by the court into a motion for summary judgment. After the parties are given adequate opportunity to develop whether there are genuine disputes of material fact, it may be possible to resolve the issue of timeliness without an evidentiary hearing. If, however, there remain genuine disputes of material fact, timeliness of filing, like the applicability of the statute of limitations, can be resolved only after an evidentiary hearing.

Oaxaca v. Roscoe, 641 F.2d 386, 391-92 (5th Cir. 1981) (citations omitted).

In this case, although the VA's motion to dismiss mentions only Rule 12(b)(1) and not Rule 12(b)(6), it plainly asserts that Mr. Jones's wrongful termination claim is barred for failure to exhaust his administrative remedies.[3] Thus, it also functions as a Rule

---

[3] The VA preserved this affirmative defense by raising it in the answer. (Doc. 13, p. 1).

12(b)(6) motion. Mr. Jones, like the plaintiff in <u>Oaxaca</u>, continues to assert the viability of his wrongful termination claim and has not conceded that it is time-barred (Doc. 26, Part A), which, considering Mr. Jones's pro se status, we treat as an assertion of equitable tolling under 29 C.F.R. § 1614.105(a)(2). Thus, the basis for the motion is not undisputed.

Furthermore, because the VA's motion to dismiss relies on evidence outside the pleadings, the declaration of Brenda J. Lewis (Doc. 23-4), we must treat it as a motion for summary judgment, pursuant to Fed. R. Civ. P. 12(d), which provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

<u>Id.</u>

Accordingly, we will convert the VA's motion to dismiss Mr. Jones's wrongful termination claim (Doc. 23) into a motion for summary judgment under Fed. R. Civ. P. 56. Both parties shall be given 20 days to submit evidence on the issue of whether Mr. Jones was entitled to an extension of time beyond 45 days in which to consult an EEO counselor.

The specific issues that the parties should address are those listed in 29 C.F.R. § 1614.105(a)(2): whether Mr. Jones "show[ed] that he or she was not notified of the time limits and was not otherwise aware of them, that he . . . did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred, that despite due diligence he . . . was prevented by circumstances beyond his . . . control

from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission." Id. **However, because Mr. Jones is the party requesting equitable tolling, he bears the burden of proof on that issue, and the grounds for permitting that tolling are narrow.** See Teemac v. Henderson, 298 F.3d 452, 457-58 (5th Cir. 2002).

### III. MOTION FOR SUMMARY JUDGMENT

We now turn to the VA's motion for summary judgment (Doc. 24).

#### III.A. RULE 56 STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment

> should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Id. A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2510-11 (1986). If the movant produces evidence tending to show there is no genuine issue of material fact, the nonmovant must then direct the Court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 321-23, 106 S. Ct. 2548, 2552 (1986)). In the analysis, all inferences are drawn in the light most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are

insufficient to defeat a motion for summary judgment. Brock v. Chevron U.S.A., Inc., 976 F.2d 969, 970 (5th Cir. 1992). Finally, "a mere scintilla [of evidence] is not enough to defeat a motion for summary judgment." Davis v. Chevron U.S.A., Inc., 14 F.3d 1082, 1086 (5th Cir. 1994) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)).

### III.B. LAW AND ANALYSIS

The VA's motion for summary judgment addresses only Mr. Jones's age discrimination claim relating to the VA's notifying Mr. Jones, on or about December 21, 2004, that it would not hire him as a firefighter, because his age exceeded the maximum age of 37 years old permitted by the VA for initial appointment to that position. Under Fifth Circuit precedent, "the [Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 601 et seq.,] is the sole remedy for persons who have been discriminated against based on their age." Lafleur v. Texas Dept. of Health, 126 F.3d 758, 760 (5th Cir. 1997) (per curiam) (relying on, inter alia, Britt v. Grocers Supply Co., Inc., 978 F.2d 1441, 1449 (5th Cir.1992)). Thus, we must analyze the claim under the ADEA.

Under the ADEA, it is "unlawful for an employer . . . to fail or refuse to hire . . . any individual . . . because of such individual's age . . . ." 29 U.S.C. § 623(a)(1). The minimum age for ADEA protection is forty years old. It is undisputed that Mr. Jones was more than forty years old at the time his application for the VA's firefighter position was declined, so he would otherwise be entitled to ADEA protection. However, there are certain exceptions for ADEA coverage. "Under the current ADEA, mandatory age limits

for law enforcement officers and firefighters—at federal, state, and local levels—are exempted from the statute's coverage." Kimel v. Florida Bd. of Regents, 528 U.S. 62, 68-69 (2000) (citing 5 U.S.C. § 3307(d) & (e) and 29 U.S.C. § 623(j)). The relevant statutory provision, 5 U.S.C. § 3307(d), provides:

> (d) The head of any agency may determine and fix the minimum and maximum limits of age within which an original appointment may be made to a position as a law enforcement officer or firefighter, as defined by section 8331(20) and (21), respectively, of this title.

Id.

The VA, pursuant to § 3307(d), enacted a regulation changing the minimum age requirements for firefighters. That regulation is found in VHA Notice 2003-02, dated April 9, 2003, which reads, in relevant part:

### POLICY CHANGE TO VA HANDBOOK 5005
### RECRUITMENT AND APPOINTMENT OF FIREFIGHTERS

> **1. PURPOSE:** This Veterans Health Administration (VHA) Notice implements section 3307(d) of Title 5, United States Code that establishes provisions for the Department of Veterans Affairs (VA) to determine and fix the maximum entry age for an original appointment as a firefighter.
>
> * * *
>
> **3. CHANGE TO POLICY:** It is VHA policy that the following entry age requirements <u>must</u> be implemented for filling all future vacancies in the General Schedule (GS)-081 job series.
>
> > a. For initial appointments, applicants cannot have reached their 37th birthday by the day of appointment.
>
> * * *
>
> **4. RESCISSION:** This Notice rescinds VHA Notice 2002-02, dated February 15, 2002. This VHA Notice expires April 30, 2007.

(Doc. 24-5, p. 11).

Based on the VA's statement of uncontested material facts and Mr. Jones's failure to rebut the material facts with the extensive evidence he submitted in opposition to the motion[4], the relevant facts are not in dispute. In September of 2004, Mr. Jones applied for the position of firefighter at the VA in response to vacancy announcement # 04-097, listing his date of birth on the application as April 7, 1956, and thus 48 years old at the time. The vacancy announcement states the following, under Qualification Requirements:

> **Age Requirements:** For initial appointment, applicant cannot have reached their 37th birthday by the day of appointment. Applicants who have passed the designated entry age limit noted, but who have previously served in a covered position may be eligible to re-enter the fire service provided that they (1) meet all applicable qualifications for the position; and (2) will be able to complete a total of 20 years of covered and creditable Federal firefighter service by the time the Federal firefighter reaches the age of 57.

(Doc. 24-5, p. 7). Although Mr. Jones appears to have worked as a firefighter prior to applying to the VA firefighter position, Mr. Jones has submitted no evidence that he has any prior work experience as a <u>federal</u> firefighter. Thus, Mr. Jones failed to meet the plainly stated age requirements of the vacancy notice. For that reason, the VA notified Mr. Jones by letter dated December 21, 2004, that his application for the firefighter position was not included for referral.

Based on the record before us, there is no genuine issue of material fact, and the relevant law is settled. Mr. Jones's only basis, stated or otherwise, for his age

---

[4] In addition to evidence on the age discrimination and wrongful termination claims, Mr. Jones also submitted evidence concerning his own tuberculosis testing, the relevance of which is not clear. In any event, that evidence does not affect the analysis of his age discrimination claim.

discrimination claim is the VA rejected him for the firefighter position because he was older than 37 years old. However, it is clear that the VA implemented the minimum age policy pursuant to 5 U.S.C. § 3307(d); that the VA's policy was in effect during the relevant period, in late 2004; and that Mr. Jones was rejected because of that policy. Because Mr. Jones's age discrimination claim must arise under the ADEA, and because the basis for his claim is exempted from ADEA coverage, the VA is entitled to judgment as a matter of law on Mr. Jones's age discrimination claim. Accordingly, the VA's motion for summary judgment (Doc. 24) will be granted.

## IV. CONCLUSION

For the foregoing reasons, the VA's motion to dismiss (Doc. 23) is converted into a motion for summary judgment under Fed. R. Civ. P. 56. The parties shall have twenty (20) days to submit evidence supporting their positions on the issue of whether Mr. Jones was entitled, under 29 C.F.R. § 1614.105(a)(2), to an extension of time for consulting an EEO counselor, as explained above.

The VA's motion for summary judgment (Doc. 24) is GRANTED. By separate judgment, Mr. Jones's age discrimination claim will be dismissed with prejudice.

SIGNED on this _____ day of July, 2008 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE