RECEIVED
IN ALEXANDRIA, LA
SEP 30 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| STEPHAN P. JONES | CIVIL ACTION NO. 06-0734 |
| -vs- | JUDGE DRELL |
| R. JAMES NICHOLSON, SECRETARY OF DEPARTMENT OF VETERANS AFFAIRS | MAGISTRATE JUDGE KIRK |

## RULING

Before the Court is the defendant's motion to dismiss (Doc. 23), which we previously converted to a motion for summary judgment in our July 8, 2008, ruling and judgment (Docs. 31 and 32). For the reasons set forth below, the motion will be GRANTED.

### SUMMARY JUDGMENT STANDARD

> Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

*Id.* A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S. Ct. 2505, 2510–11 (1986). If the movant produces evidence tending to show there is no genuine issue of material fact, the nonmovant must then direct the Court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir.

1996) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 321-23, 106 S. Ct. 2548, 2552 (1986)). In the analysis, all inferences are drawn in the light most favorable to the nonmovant. *Herrera v. Millsap*, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient to defeat a motion for summary judgment. *Brock v. Chevron U.S.A., Inc.*, 976 F.2d 969, 970 (5th Cir. 1992). Finally, "a mere scintilla [of evidence] is not enough to defeat a motion for summary judgment." *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)).

## ANALYSIS

The plaintiff, Stephan P. Jones ("Mr. Jones"), filed the instant suit on May 2, 2006, asserting two claims against the defendant, R. James Nicholson, Secretary of the Department of Veterans Affairs ("the VA"): an age discrimination claim and a wrongful termination claim. In our July 8, 2008, judgment, we dismissed with prejudice the age discrimination claim. However, we converted the VA's motion to dismiss to a motion for summary judgment, allowing the parties twenty days to submit proper summary judgment evidence on the issue of whether or not Mr. Jones was entitled to an extension of time beyond 45 days in which to consult an EEO counselor under 29 C.F.R. § 1614.105(a)(2). While the time limits for the submission of evidence were nearing, Mr. Jones—proceeding *pro se* in this litigation—filed a "Motion to Continue" (Doc. 35), which we granted as more properly a motion for the extension of time to submit the requisite evidence by September 15, 2008. (Doc. 36). Mr. Jones was granted further additional time, until September 30, 2008, to provide the Court with documentation of his contacts

with the EEOC between September 2004 and January 2005. (*See* Doc. 38, Minute Entry dated Sep. 11, 2008). As we made clear in our previous ruling, "**because Mr. Jones is the party requesting equitable tolling, he bears the burden of proof on that issue, and the grounds for permitting that tolling are narrow.**" (Doc. 31, p. 8) (emphasis in original).

Mr. Jones timely submitted his response in the form of a "LETTER & DOCUMENTS SHOWING ACTIONS TAKEN BY MYSELF & EEOC REPRESENTATIVE FROM 9-30-04 thru 1-4-05." (Doc. 39). Unfortunately, there is nothing in our perusal of the various documents submitted we have found to suggest that Mr. Jones made any contact with anyone at the EEOC between the date of the alleged wrongful termination of September 2004 and the documented contact of January 2005. In truth, even reading them in the light most favorable to Mr. Jones, the documents submitted seem better to support the VA's defense of these claims being time-barred than those of Mr. Jones to the contrary. Mr. Jones's sole assertion seems to be a conclusory, unsupported allegation that his claims were tolled because he had agreed to mediate the matter through the EEOC. There is no evidence of this proposition in the materials Mr. Jones submitted. Mediation was only raised as a possibility once he reported the claims to the EEOC in January 2005, long after the proper period in which to make his claim. The VA has, yet again, presented ample evidence that Mr. Jones's wrongful termination claim is time-barred.

As Mr. Jones is *pro se*, we have attempted to go the extra mile to give him wide latitude in presenting his legal position. Unfortunately we are constrained by the law

on timeliness and the few exceptions thereto, none of which are satisfied in this case if they are raised at all. *See Henderson v. U.S. Veterans Admin.*, 790 F.2d 436, 439-40 & n.4 (5th Cir. 1986) (noting that, in the Fifth Circuit, "[l]ack of timely notification, however, does not deprive the court of subject matter jurisdiction. The filing deadlines are in the nature of statutes of limitations which are subject to waiver, estoppel, and equitable tolling.") (citations omitted).

## CONCLUSION

Accordingly, for the reasons set forth above, in addition to those in our July 8, 2008 ruling, the VA's motion for summary judgment (Doc. 23) is GRANTED. By separate judgment, Mr. Jones's wrongful termination claim—his only remaining claim, will be dismissed with prejudice, which shall terminate this suit.

SIGNED on this 30th day of September, 2008 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE